```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

STEVE CLIFF #142970,            :

    Plaintiff,              :

vs.                             :   CIVIL ACTION 08-0446-CG-M

CHRISTOPHER EARL,               :

    Defendant.              :

## REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 action filed by an Alabama prison inmate proceeding *pro se*, together with a motion to proceed without prepayment of fees, was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  For the reasons set forth below, it is recommendated that this action be dismissed without prejudice pursuant to 28 U.S. C. § 1915(g).

On July 29, 2008, Plaintiff filed his 42 U.S.C. § 1983 Complaint against Defendant, Correctional Officer Christopher Earl, together with a motion to proceed without prepayment of fees.  (Docs. 1, 2).  On August 5, 2008, the Court ordered Plaintiff to refile his Complaint and motion to proceed without prepayment of fees on this Court's forms,

which Plaintiff did on August 25, 2008.[1]  (Docs. 3, 4, 5).  On September 5, 2008, the Court granted Plaintiff's motion to proceed without prepayment of fees.  (Doc. 6).  However, given this recommendation and the reasons set forth herein, the grant of *in forma pauperis* status is hereby **REVOKED.**

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances.  It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] The Complaint form provided to Plaintiff by this Court required Plaintiff to list his litigation history. (Doc. 4, Sections IB, IC).  Plaintiff clearly stated in his Complaint that he had filed no previous lawsuits in state or federal court related to his imprisonment.  (Id.). To the contrary, the Court's research reveals a minimum of *twenty-one* other lawsuits filed by Plaintiff in the United States District Courts for the Southern, Middle, and Northern Districts of Alabama alone.  For future reference, Plaintiff is cautioned that providing false or misleading responses to this Court will not be tolerated and will result in sanctions including, but not limited to, dismissal of the action.

Under § 1915(g), "if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*."  Doss v. Henry, 2008 WL 5231863, *1 (N.D. Fla. 2008).  "A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice."  Id. (citing Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001)).  "The only exception to this is if the prisoner alleges he is 'under imminent danger of serious physical injury.'"  Id.  (citing  28 U.S.C. § 1915; Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)).

In a previous action filed in this Court by Plaintiff, Cliff v. Mcillians, 04-0301-WS-C (S.D. Ala. 2005), Plaintiff was identified as having *six* strikes, that is, six prior cases filed in federal court that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief could be granted.  In Cliff v. Mcillians, 04-0301-WS-C (S.D. Ala. 2005), United States District Judge William H. Steele adopted the Report and Recommendation of Magistrate Judge William E. Cassady and

denied Plaintiff's motion to proceed without prepayment of fees and dismissed Plaintiff's action without prejudice pursuant to 28 U.S.C. § 1915(g).  (<u>Id.</u>, Docs. 5, 6, 7).

In his Report and Recommendation in <u>Cliff v. Mcillians</u>, 04-0301-WS-C (S.D. Ala. 2005) (Doc. 5), Judge Cassady stated:

> During the screening of the plaintiff's complaint (Doc. 1), the Court discovered after examining the dockets of Alabama's federal district courts that Plaintiff previously had six actions dismissed on the grounds that the action was either frivolous or fails to state a claim upon which relief can be granted, namely, <u>Cliff v. Haley, et al.</u>, 99-0445-RV-C (S.D. Ala. Sept. 24, 1999); <u>Cliff v. Siegelman, et al.</u>, 99-0426-AH-C (S.D. Ala. Sept. 2, 1999); <u>Cliff v. Lewis, et al.</u>, 99-0230 - BH-M (S.D. Ala. Aug. 18, 1999); <u>Cliff v. Alford, et al.</u>, 97-0748-CB-S (S.D. Ala. June 9, 1998); <u>Cliff v. Davis</u>, 97-0741-RV-S (S.D. Ala. Dec. 9, 1997); and <u>Cliff v. Jones, et al.</u>, 95-1595 (S.D. Ala. Aug. 29, 1995). [FN1]
>
> . . . Plaintiff's allegations do not demonstrate that he was "under imminent danger of serious physical injury" at the time he filed the complaint.  Therefore, he cannot avail himself of the exception to § 1915(g).  <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).
>
> Because plaintiff did not pay the $150.00 at the time that he filed this action [FN2] and has not met § 1915(g)'s


>           exception that he is "under imminent
>           danger of serious physical injury,"
>           plaintiff's action is due to be dismissed
>           without prejudice. . . .

Id.

In his Complaint in this action, Plaintiff alleges that, on November 5, 2006, while incarcerated at Holman Correctional Facility ("Holman"), he was walking through a gate when Defendant, Officer Christopher Earl, intentionally closed the gate on him.[2]  (Doc. 4 at 4).  The following day, Plaintiff wrote a letter to the warden notifying him of the assault by Officer Earl, and, in retaliation, Officer Earl filed a disciplinary against Plaintiff, charging him with violation of regulation #403, creating a security and health hazard.  (Id.).

Plaintiff filed this § 1983 action against Defendant Earl on July 29, 2008, one year and eight months after the alleged incident in which Officer Earl assaulted him with a gate. (Doc. 1).  Even if true, Plaintiff's allegations do not establish that he was "under imminent danger of serious physical injury" at the time that he filed his Complaint on July 29, 2008, and, thus, he is not entitled to avoid the bar of § 1915(g) and proceed *in forma pauperis* in this

---

[2] Plaintiff is serving a life sentence at Holman prison for first degree rape.  (Doc. 4 at 6).

action.  28 U.S.C. § 1915(g).

"In this Circuit, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice."  Doss, 2008 WL 5231863, *2 (N.D. Fla. 2008); Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g)."). Because Plaintiff did not pay the $350.00 filing fee at the time that he filed this action and because he does not meet the "under imminent danger of serious physical injury" exception to § 1915(g), Plaintiff's action is due to be dismissed without prejudice.

Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  Objection.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. §

636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 10th day of June, 2009.

                                                       <u>s/BERT W. MILLING, JR.</u>  
                                                       UNITED STATES MAGISTRATE JUDGE